# THE AMERICAN COLONIAL BANK OF PORTO RICO, Plff.,

*v.*

# THE SPECIALTY SHOP FOR AUTOMOBILES, INC., AND GABRIEL GUERRA, Dfts.

---

San Juan, Law, No. 1461.

GUARANTY OF NOTES.

Promissory Notes—Guaranty—Demand.

Where a defendant guarantees paper of a codefendant within a fixed period, demand notes of which he knew are within the guaranty, whether demand was made within the period or not.

Opinion filed June 23, 1921.

---

*Mr. O. B. Frazer* for plaintiff.

*Mr. H. R. Francis,* for defendant Gabriel Guerra.

ODLIN, Judge, delivered the following opinion:

This is an action upon various promissory notes issued to and held by the plaintiff bank, some of which are signed by both defendants and two of which are signed by the Specialty Shop for Automobiles, Inc., only. The last-named defendant allowed a default to be entered against itself. The other defendant,

NOTE.—On demand as a condition precedent to an action on a promise to pay on demand the debt of another, see note in 34 L.R.A.(N.S.) 154.

American Colonial Bank v. Specialty Shop for Automobiles.

Gabriel Guerra, waived a trial by jury and the case was heard by this court on May 26, 1921, it being developed during the trial that said defendant, Gabriel Guerra, admitted his liability upon the notes bearing his signature to the amount of forty thousand and six hundred dollars ($40,600) and interest from the 31st day of January, 1921. The said Gabriel Guerra, how- ever, denied his liability upon the two notes which had been signed by the Specialty Shop for Automobiles, Inc., only, the amount of said notes being nine thousand dollars ($9,000) and six thousand dollars ($6,000), respectively, making a total of fifteen thousand dollars ($15,000). There was, however, in- troduced in evidence, without any objection on the part of the said Gabriel Guerra, a certain notarial instrument executed by him on the 26th day of November, 1917, which was termed in Spanish "Credito Garantizado" and which has been translated into English as "Security of Credit."

This instrument has been carefully considered and the court finds that the same is in legal effect a guaranty and that the said Gabriel Guerra obligated himself to become responsible to the said bank to the extent of fifteen thousand dollars ($15,- 000), which the said bank might loan to the said Specialty Shop for Automobiles, Inc.; and there is a provision in the said notarial instrument that this guaranty shall not be in force ex- cept during the period of two years beginning with the 23d day of November, 1917, and that that date was fixed for the final liquidation of such guaranty with a provision that such period might later be extended by agreement of the said Gabriel Guerra and the said bank. There was no extension. The ques- tion now to be decided is whether this notarial instrument was binding upon Gabriel Guerra to the amount of fifteen thousand

American Colonial Bank v. Specialty Shop for Automobiles.

dollars ($15,000) loaned to the said Specialty Shop for Automobiles, Inc., which loans were made within the said period of two years and shortly after the execution of the said notarial instrument.

The two notes heretofore mentioned, one for nine thousand dollars ($9,000) and one for six thousand dollars ($6,000), were made payable on demand. No demand was actually made by the bank until after the expiration of the two years' period. It was therefore argued at the trial by the counsel for Gabriel Guerra that inasmuch as there was no *fixed period* of payment in these two notes, one for nine thousand dollars ($9,000) and one for six thousand dollars ($6,000), and inasmuch as no actual demand for payment was made until after the period of two years, the said Gabriel Guerra became released from any obligation to pay the said two notes.

This court has carefully considered said contention, and has also studied the language of the notarial instrument itself, and this court finds that the contentions of the said Gabriel Guerra are not well founded. Furthermore, even if the said Gabriel Guerra intended that he should be responsible as guarantor only for such notes given by the said Specialty Shop for Automobiles, Inc., during the two years' period which should be made payable at a fixed time, then he should have so limited his guaranty in the said notarial instrument before he signed the same. In addition to this, it was admitted at the trial that the said Gabriel Guerra at the time that he signed the other notes jointly with the said Specialty Shop for Automobiles, Inc., did not demand any surrender of the previous notes for nine thousand dollars ($9,000) and six thousand dollars ($6,000) not signed by him, and that he made no inquiry in respect to the same, and

American Colonial Bank v. Specialty Shop for Automobiles.

there is no doubt in my mind from the testimony that he knew that the said Specialty Shop for Automobiles, Inc., had obtained from the said plaintiff bank the sum of fifteen thousand dollars ($15,000) within the two years' period, for which reasons it is clear to my mind that the said Gabriel Guerra is now estopped to deny his liability upon all the notes which have been introduced in evidence in this cause.

For the reasons above set forth, it is ordered and adjudged that the said plaintiff, the American Colonial Bank of Porto Rico, do have and recover of and from the said Specialty Shop for Automobiles, Inc., and from the said Gabriel Guerra the total sum of fifty-five thousand and six hundred dollars ($55,-600) with legal interest thereon from and after the 31st day of January, 1921, and also the costs of this action, and that execution issue therefor.